IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ANNABEL TORRES, §
　　　　　　　　　　　　　§
　　　　Applicant, §
　　　　　　　　　　　　　§
VS. § NO. 4:08-CV-587-A
　　　　　　　　　　　　　§
W. ELAINE CHAPMAN, WARDEN, §
FMC CARSWELL, ET AL., §
　　　　　　　　　　　　　§
　　　　Respondents. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the application of Annabel Torres ("Torres") filed September 30, 2008, seeking writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] After having considered the application, the response of the named respondents thereto, Torres's reply, and pertinent legal authorities, the court has concluded that the application should be dismissed as to Federal Bureau of Prisons because it is not properly named as a respondent in this § 2241 proceeding and dismissed in its entirety because of lack of standing and lack of ripeness or, alternatively, for Torres's failure to exhaust her administrative remedies.

---

[1]Applicant refers to her application as a "petition" and to herself as "petitioner." Consistent with the language of 28 U.S.C. § 2241, the court uses the terms "applicant" or "Torres" and "application" instead of "petitioner" and "petition."

## I.
## Grounds of Application and Nature of Requested Relief

Except for differences in the names of the applicants and conviction and sentencing information, which are inserted in blank spaces provided in the form, the application is in the nature of a printed form that Torres and two other inmates at the Federal Correctional Institution, FMC Carswell, Texas, ("FMC-Carswell") have used to institute identical proceedings under 28 U.S.C. § 2241.[2]

As well as the court can make out, Torres, who is serving a 70-month term of imprisonment imposed on August 31, 2007, for her commission of the offense of felon in possession of a firearm (18 U.S.C. § 922(g)(1)), claims that there is the prospect that she will be wrongfully denied by the Bureau of Prisons the opportunity (a) to participate in a program of residential substance abuse treatment of the kind contemplated by 18 U.S.C. § 3621(e)(1), and (b) for a sentence reduction for having

---

[2]One of the other proceedings is Case No. 4:08-CV-599-A, Laura Walker Bernard, Applicant, v. W. Elaine Chapman, Warden, et al., Respondents, which the court is deciding on the same date of the signing of this memorandum opinion and order. The other is Case No. 4:08-CV-635-A, Connie Anita Jeffers, Applicant, v. W. Elaine Chapman, Warden, et al., Respondents, which the court resolved by final judgment signed November 19, 2008, pursuant to the unopposed motion to dismiss of respondents, W. Elaine Chapman, Warden, FMC-Carswell, and Federal Bureau of Prisons.

successfully completed such a treatment program, as contemplated by 18 U.S.C. § 3621(e)(2)(B). She claims that:[2]

(1) The Bureau of Prisons program statements that Torres says likely will cause her not to receive the benefits of §§ 3621(e)(1) and (2)(B) are invalid because they were promulgated in violation of 5 U.S.C. §§ 553 and 706(2)(A).

(2) She should receive the same relief that was granted by the Ninth Circuit to the § 2241 applicants who were parties to the Ninth Circuit case reported as <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008).

(3) The Bureau of Prisons program statements (or regulations) permitting the Bureau of Prisons total discretion to categorically deny her the benefits of 18 U.S.C. §§ 3621(e)(1) and 3621(e)(2)(B) are unenforceable because they directly conflict with the statutory language and intent of Congress.

(4) Her equal protection rights under the Due Process Clause of the Fifth Amendment have been violated because of disparate treatment of similarly situated inmates at similar

---

[2]The court interprets the II.B. section, at pages 4 and 5, of the application as a statement of Torres's grounds for relief. The court's rewording and compression of those grounds is intended to provide clarity, but not change the substance.

3

Bureau institutions, particularly those located within the Ninth Circuit.

## II.

### The Response to the Application

Respondents, Elaine Chapman, Warden, FMC-Carswell, ("Chapman") and Federal Bureau of Prisons, note in their response that Chapman, as the warden of the prison where Torres is confined, is the proper respondent in this action, and that the claims against the Bureau of Prisons should be dismissed on the ground that it is not a proper party. Otherwise, respondents acknowledge that the court has jurisdiction pursuant to § 2241 because Torres challenges regulations that could affect the length of her incarceration. However, respondents assert that Torres's application should be dismissed because she has failed to exhaust her administrative remedies; but they acknowledge that if the court applies its rulings in <u>Tischendorf v. Van Buren</u>, 526 F. Supp.2d 606, 610 (N.D. Tex. 2007), to the facts of this case, the conclusion would be reached that pursuit by Torres of her administrative remedies to a conclusion would be futile.

Next, respondents contend that the application must be dismissed due to Torres's lack of standing. They argue that before the prison staff can determine whether Torres is qualified

4

for a sentence reduction pursuant to § 3621(e), they must first determine whether she would be allowed to enter the institution's Residential Drug Abuse Program ("RDAP"); and, the eligibility requirements for participating in the RDAP include a requirement that the inmate have a "verifiable documented drug abuse problem." 28 C.F.R. § 550.56. Eligibility ordinarily is not determined until within thirty-six months of the inmate's projected release date. Because Torres's currently scheduled release date is not until April 4, 2012, the prison staff has not yet determined whether she is eligible to enter the institution's RDAP. In a related, and overlapping vein, respondents contend that Torres's claims lack ripeness because her claim of injury is conjectural or hypothetical due to the tentative nature of her release date at this point, with the result that events could transpire between now and the projected release date that would result in a later release date. Respondents add that there is no way to tell at this time what the prison staff's evaluation of Torres's eligibility to participate in the institution RDAP might be when the making of such an evaluation is appropriate.

Alternatively, respondents maintain that the application must be dismissed for failure to state a claim upon which relief may be granted. They contend that, as a matter of law, the

Bureau of Prisons' program statements and regulations of which Torres complains are valid and were not promulgated in violation of 5 U.S.C. §§ 553 or 706(2)(A), and do not violate Torres's equal protection or due process rights.

The response is accompanied by the declaration of Kit Hoffman, who says that he is employed at the Drug Abuse Program Coordinator by the United States Department of Justice, Federal Bureau of Prisons, at FMC-Carswell. He declares that inmates at FMC-Carswell are not ordinarily selected for admission to FMC-Carswell's RDAP unless they are within thirty-six months of their release, that Torres's currently projected release date is April 4, 2012, that Torres has not been evaluated for RDAP eligibility due to the length of time remaining on her sentence, and that the Bureau of Prisons' electronic database containing administrative remedy information discloses that Torres has not filed an administrative remedy request or appeal regarding her eligibility for RDAP.

III.

Analysis

A. Dismissal of Claims Against Bureau of Prisons.

The court concludes that it has jurisdiction over Torres's claims against Chapman pursuant to the authority of § 2241.

However, the court concurs with respondents that the Federal Bureau of Prisons is not a proper respondent; and, for that reason, the court is dismissing all claims asserted by Torres against it in her application.

B.  The Standing/Ripeness Issues.

The doctrine of "standing" serves to identify those disputes that are appropriately resolved through the judicial process. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Over the years, the Supreme Court has established "that the irreducible constitutional minimum of standing contains three elements," id.:

> First, the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly . . . traceable to the challenged action of the defendant . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 560-61 (citations, quotation marks & brackets omitted).

Torres, who is invoking federal jurisdiction, bears the burden of establishing all three elements. Id. at 561. The elements are not mere pleading requirements, but rather are indispensable parts of Torres's case. Id. Thus, "each element

7

must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." However, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the Supreme Court] presum[es] that general allegations embrace those specific facts that are necessary to support the claim." Id. (internal quotation marks omitted). In the final analysis, questions relevant to the standing inquiry "must be answered by reference to the Art. III notion that federal courts may exercise power only in the last resort, and as a necessity . . . ." Allen v. Wright, 468 U.S. 737, 752 (1984) (citations and internal quotation marks omitted).

Questions of ripeness, "whether the harm asserted has matured sufficiently to warrant judicial intervention," are closely related to standing questions. Mississippi State Democratic Party v. Barbour, 529 F.3d 538, 544-45 (5th Cir. 2008). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Torres bears the burden of establishing ripeness as well as standing. Barbour, 529 F.3d at 545.

The court agrees with respondents on the standing/ripeness issues. Torres characterizes her application as a challenge to respondents' "denial of early release pursuant to, and the benefits of, 18 USC §§ 3621(e)(1) and (2)(B) . . . ." Application at 3. Any ruling the court might make on those subjects at this time would be conjectural and hypothetical. The court can only guess now whether Torres would be eligible to participate in FMC-Carswell's RDAP when the point in time is reached for the Bureau of Prisons to make a decision as to eligibility. Even more speculative is the matter of whether Torres would become entitled to the benefit of a sentence reduction of the kind contemplated by § 3621(e)(2)(B).

The court cannot now make a determination whether Torres would be eligible to participate in the RDAP, much less can the court make a determination that she will be entitled to a sentence reduction based on the successful completion of the program. Whatever rulings the court might make as to plaintiff's entitlement to participate in the program or to an early release based on participation would be purely hypothetical, resting upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas, 523 U.S. at 300 (internal quotation marks omitted).

C.  Torres Has Failed to Exhaust Her Administrative Remedies.

Respondents are correct in suggesting that the court's reasoning in <u>Tischendorf</u> could well apply to the facts of this case, leading to a conclusion that exhaustion by Torres of her administrative remedies would be futile. Resp. at 4. However, the court has decided that it cannot conclude that exhaustion would be futile. Indeed, in one of the cases mentioned on page 2 of this memorandum opinion and order that is identical to the instant one, the Bureau of Prisons, after having been made aware of the criticism of its RDAP decision in that case, appears to have changed its decision so that the inmate who was the applicant in that case would be permitted to participate in FMC-Carswell's RDAP and potentially become eligible for a sentence reduction. <u>Jeffers v. Chapman</u>, No. 4:08-CV-599-A (N.D. Tex.) (Defs.' Unopposed Mot. to Dismiss filed Nov. 17, 2008).

Also, the court is impressed with the flexibility the Bureau of Prisons has shown on the past when faced with a court decision critical of its regulations concerning participation in the RDAP and early release upon successful completion of the program. <u>See</u> <u>Arrington v. Daniels</u>, 516 F.3d 1106, 1109-12 (9th Cir. 2008). The Bureau of Prisons might well be persuaded by a request made

by Torres through the administrative process to respond with a decision consistent with the ruling of the Ninth Circuit in Arrington.

The court cannot conclude that exhaustion would be patently futile, or that extraordinary circumstances exist in this case that would cause there to be an exception to the exhaustion requirement. Thus, the court feels compelled to follow the rulings of the Fifth Circuit that a § 2241 applicant "must first exhaust his administrative remedies through the Bureau of Prisons." Rourk v. Thompson, 11 F.3d 47, 59 (5th Cir. 1993). Torres bears the burden of demonstrating the futility of administrative review. Id. The court is not persuaded that Torres has carried that burden in this proceeding.

D.  The Failure-to-State-a-Claim Ground of the Response.

While the court tentatively has concluded that, for the reasons stated in the response, Torres's claims fail to state a cause of action upon which relief may be granted, the court is not devoting further attention to that feature of the response because of having concluded that the application must be dismissed in its entirety because of lack of standing and lack of ripeness or, alternatively, because of Torres's failure to exhaust her administrative remedies.

IV.

Order

For the reasons given above,

The court ORDERS that all claims asserted by Torres against Federal Bureau of Prisons be, and are hereby, dismissed for the reason that Federal Bureau of Prisons is not a proper respondent in this proceeding brought pursuit to 28 U.S.C. § 2241; and

The court further ORDERS that the application Torres filed September 30, 2008, for writ of habeas corpus pursuant to § 2241 be, and is hereby, dismissed for lack of standing and lack of ripeness or, alternatively, because of Torres's failure to exhaust her administrative remedies.

SIGNED November 20, 2008.

JOHN McBRYDE
United States District Judge